JUSTICE MORRIS
concurs and dissents.
¶100 I concur with our decision as to Issue One and dissent to our resolution of Issue Two for the following reasons. I would affirm the Workers’ Compensation Court as to both issues.
¶101 The Court’s opinion today fails to give proper effect to legislative will, culminates in an absurd result, and deprives the statutory scheme of its intended purpose. State v. Heath, 2004 MT 126, ¶ 24, 321 Mont. 280, ¶ 24, 90 P.3d 426, ¶ 24. The Court’s interpretation of §39-71-520, MCA (1999), disregards the plain meaning of the term “dispute” and further frustrates the legislative purpose that permits the parties to appeal a contention regarding benefits. Weber v. Interbel Telephone Co-Op., Inc., 2003 MT 320, ¶ 10, 318 Mont. 295, ¶ 10, 80 P.3d 88, ¶ 10 (construing statutory language according to its plain *470 meaning and giving effect to the legislative intent from the text of the statute). The Court’s opinion also harvests an absurd result where UEF remains unable to make a remedial calculation to its own benefits computation and thereby denies the beneficiary the full extent of the statutorily enumerated benefits. Finally, the Court’s decision defeats the intended purpose of § 39-71-105, MCA (1999), to diminish a claimant’s reliance upon lawyers and expeditiously obtain benefits for him or herself. Section 39-71-105(3), MCA (1999).
¶102 I respectfully dissent from the Court’s resolution of Issue Two.